■ AMERICAN MOTORISTS INSURANCE COMPANY v NAPCO SECURITY SYSTEMS INC. [671 NYS2d 235] —On the Court's own motion, pursuant to 22 NYCRR 130-1.1 *et seq.,* costs in the amount of $10,000 are imposed against plaintiff's counsel, the Law Offices of Michael P. O'Connor, and in favor of Soller, Shayne & Horn, attorneys for defendants.

In this action, plaintiff originally sought specific performance of a collateral security clause of the parties' indemnity agreement, specifically, to require defendants to post $150,000 as security for two United States Customs demands that plaintiff as surety pay $88,233.90 and $44,773.04, respectively.* Plaintiff also sought attorneys' fees pursuant to the indemnity agreement, based on defendants' failure to post the requested security. On November 13, 1997, this Court affirmed the IAS Court's dismissal of the claim for attorneys' fees. (*American Motorists Ins. Co. v Napco Sec. Sys.,* 244 AD2d 197.) Plaintiff's

---

* This cause of action has essentially been abandoned, plaintiff's counsel having acknowledged in papers before the IAS Court that it has been resolved.

attorney, Michael P. O'Connor, was advised on August 22, 1995 that the $88,233 demand had been cleared; he received verification of this fact on September 1, 1995. By letter dated September 8, 1995, Mr. O'Connor was informed that the remaining bills were expected to "be resolved shortly" and that "[p]roof of payment [would] be forwarded to [him] as soon as payment is completed." In addition, Mr. O'Connor acknowledges that plaintiff learned on December 12, 1995, two days prior to the service of the summons and complaint, that the remaining outstanding bills had been paid and that he, counsel, was notified of that fact on December 16, 1995. Under these circumstances, plaintiff, by prosecuting this action, which is completely without merit, engaged in frivolous conduct (22 NYCRR 130-1.1). Defendants' attorneys' "Schedule of Services" indicates that the firm has expended over 225 hours in connection with this matter. In our view, plaintiff's counsel's pursuit of the claim for attorneys' fees, including the taking of an appeal with respect to that issue, demonstrates a disregard of judicial resources and indifference to the expenses incurred by defendants (*see, Hayden v Bruni Constr. Co.,* 247 AD2d 350) and amply warrants an award of costs to defendants' attorneys in the amount indicated. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.